WHITFIELD DARRELL, Respondent, v. CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, November 7, 1904.

1. MUNICIPAL CORPORATIONS: Defective Street: Evidence: Contributory Negligence. On the evidence, it is held the case was properly sent to the jury on the question of defendant's negligence and plaintiff's contributory negligence.

2. ———: Negligence: Public Street. The evidence warranted the legitimate inference that the street in question was a public street.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson*, Judge.

AFFIRMED.

*James M. Wilson,* City Counsellor, *G. L. Zwick,* Assistant City Counsellor, for appellant.

(1)   Plaintiff's own testimony shows him to have been guilty of contributory negligence.   Buesching v. Gas Company, 73 Mo. 219; Cohn v. City of Kansas, 108 Mo. 387; Weber v. Railroad, 100 Mo. 194; Yancey v. Railroad, 93 Mo. 433; Moore v. Railroad, 146 Mo. 580; 2 Beach on Mun. Corp., sec. 1391; Sindlinger v. City of Kansas, 126 Mo. 315; Boyd v. Springfield, 62 Mo. App. 456.   (2)   Defendant's demurrer to plaintiff's evidence should have been sustained for the additional reason that the place where plaintiff fell was not a public street. Moore v. Cape Girardeau, 103 Mo. 470; Meiners v. St. Louis, 130 Mo. 284; Downend v. Kansas City, 156 Mo. 60.

*W. B. Brown* for respondent.

(1)   The question was fully and fairly submitted to the jury, and before this court could interfere with the finding of the jury, it would be required that the evidence of contributory negligence be practically conclusive, and not such that reasonable minds might differ with respect thereto.   Perrette v. Kansas City, 162 Mo. 251; Chilton v. St. Joseph, 143 Mo. 192; Weller v. Railroad, 164 Mo. 205.   At the last moment appellant complains that the place where plaintiff was injured was not a public street.   A party who has tried his case upon a theory involving the tacit concession of a particular fact will not be permitted in the appellate court to obtain a reversal of the judgment against him upon a theory involving a denial of that fact; and parties litigant are confined in the appellate tribunal to the course of action they have adopted in the trial court.   Bray's Admr. v. Seligman's Admr., 75 Mo. 31; State v. O'Neill, 151 Mo. 81; Farrar v. Railroad, 162 Mo. 469; Mirrielees v. Railroad, 163 Mo. 487.

ELLISON, J.—Plaintiff was hurt by falling off of one of the sidewalks on one of defendant's streets. He brought the present action for damages and prevailed in the trial court.

The evidence in plaintiff's behalf tended to prove that his eyesight was poor; that though the day on which he was injured was bright and clear, yet on such days it was hard for him to distinguish faces further away than twenty-five or thirty feet; that the sidewalk on which he was walking ended abruptly and the ground, having, perhaps, been cut out by surface water, was for a short space from 18 to 24 inches below the end on the walk. That beyond, running in the same direction with the walk, was a pathway which, to one further back, was seemingly a continuation of the walk. Plaintiff was walking along and noticed the end 8 or 10 feet away, but did not observe the step-off, as the pathway appeared to connect with the walk. At about this time, his attention was called to two persons talking on the other side of the street and as he looked towards them, he stepped off the end of the walk into the hole.

The position of the defendant is, practically, that plaintiff, as a matter of law, cannot recover. We think it is not sound. The case made by plaintiff entitled him to the opinion of the jury as to whether the city was negligent; and if so, whether plaintiff was guilty of contributory negligence. No instructions were refused save a demurrer to the evidence and that was properly disallowed.

Defendant makes the point in this court that it was not shown that the street was a public street and under the supervision of the city. We think the evidence was ample to show, at least by legitimate and reasonable inference, that it was. Defendant had not much faith in such contention as is shown by the fact that the attention of the court and jury was not called to such matter. We have not discovered anything to justify our

interference with the judgment. Nor have we thought it worth while to discuss authorities collected by the respective counsel and which seem not to be in dispute between them, since the principles governing the nature of the action are so well settled.

The judgment is affirmed. All concur.